PIERCE, Chief Judge.
The question presented in this appeal has not been judicially determined by the appellate courts of Florida. The lower Court entered a summary judgment against appellant, Pinellas County, holding, in effect, that the lien of a recorded tax execution, issued for unpaid intangible personal property taxes pursuant to F.S. § 199.251 F.S. A., is extinguished on the taxpayer’s property when the same is sold by a clerk’s tax deed issued pursuant to F.S. § 197.520 F. S.A.
Appellee, S. & A. Land Company, filed a suit to quiet title to real property it had acquired under a tax deed based upon a delinquent tax certificate that had been issued May 24, 1968. S. & A. named as defendants the former owner, Green Brothers Builders, Inc., a dissolved corporation, and its surviving directors and trustees. It also joined the Comptroller of the State, Dickinson, and appellees, Pinel-las County and its tax collector, Jasper, claiming that any rights represented by a certain warrant and tax executions described in the complaint had been extinguished by the tax deed acquired by S. & A.
The warrant had been issued under F.S. § 205.10 F.S.A. for unpaid documentary stamp taxes due on a quitclaim deed, and *231 the tax executions had been issued for unpaid intangible personal property taxes for 1965 and 1966. All three had been recorded at the time of the tax deed sale, but there is nothing in the record to indicate that any levy had ever been made on any of them.
The form of the tax deed was that prescribed by F.S. § 197.540, F.S.A. The tax deed provided that “said lands shall continue subject and liable for any unpaid general taxes of equal dignity with county taxes represented by the certificate or certificates above described.”
Appellants contend that intangible personal property taxes are “taxes of equal dignity” with county taxes assessed against real property, and therefore a lien for unpaid intangible personal property taxes continues in full force on the real property to which it attached, after a tax deed to the real property has been issued. We disagree.
F.S. § 197.011 F.S.A. provides, in part: “All taxes imposed pursuant to the constitution and laws of this state shall be a first lien, superior to all other liens on any property against which such taxes have been assessed, which shall continue in full force and effect until discharged by payment . . .” (Emphasis ours.) F.S. § 199.241 F.S.A. provides, in part: “All intangible personal property taxes shall be a lien on all the real and personal property of the taxpayer in the county in which they are assessed from the time they become due . . . The lien of intangible personal property taxes and tax executions shall be superior to all other liens, except liens for other taxes, state, county and municipal, and prior recorded liens on real estate." (Emphasis ours.)
Intangible personal property taxes are not assessed against real property. So it is clear from the plain language of the quoted statutes that the lien for taxes assessed against real property pursuant to the constitution and laws of this state are superior to intangible personal property tax liens, which are even inferior to prior recorded liens on real estate.
We are not concerned here with Chapter 72-268, Laws of Florida, 1972, a revision of Chapter 197 F.S., to become effective December 31, 1972, and which, among other things, provides that tax deeds shall be in the form prescribed by the department of revenue [§ 197.271] ; or with Chapter 71-134, Laws of Florida, 1971, which revised Chapter 199 F.S., effective July 1, 1971. However, it is interesting to note that there is no reference as to whether the lien of intangible personal property taxes and tax executions shall be superior to other liens. It is provided, however, in new F.S. § 199.262 F.S.A. that “upon recording, the amount of such warrant shall become a lien upon the taxpayer’s real or personal property in such county in the same manner as a judgment duly docketed and recorded, and the clerk of the circuit court shall issue execution thereon the same as on a judgment. The sheriff shall thereupon proceed in all respects and with like effect and in the same manner as prescribed by law in respect to executions issued against property upon judgment of the circuit court ...” See old F.S. § 199.-251 F.S.A., which provides that the intangible tax execution shall have the force and effect of a recorded judgment at law against the delinquent taxpayer.
The judgment appealed is thereupon—
Affirmed.
LILES and McNULTY, JJ., concur.